Exhibit A

1  Douglas N. Silverstein, Esq. (SBN 181957)
Meredith D. Symonds, Esq. (SBN 298041)
2  KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
3  Los Angeles, California  90069-3309
Telephone:  (310) 273-3180
4  Facsimile:  (310) 273-6137
dsilverstein@californialaborlawattorney.com
5  msymonds@californialaborlawattorney.com
6
7  Attorneys for Plaintiff ANIELA KENNEDY

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
10/03/2014 at 01:42:40 PM
Clerk of the Superior Court
By Debbie Lechmann,Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ORANGE

10  TAMERA JANSON, an individual; and
ANIELA KENNEDY, an individual,
11

12              Plaintiffs,

13      v.

14  LOCAL WASTE MANAGEMENT, a
Texas corporation; and DOES 1 through
15  100, inclusive,

16              Defendants.

CASE NO.  30-2014-00748713-CU-WT-CJC
Judge Thierry Patrick Colaw

PLAINTIFFS' COMPLAINT FOR
DAMAGES

1.  Disability Discrimination And Perceived
    Disability Discrimination In Violation
    Of FEHA;
2.  Failure To Engage In The Interactive
    Process In Violation Of FEHA;
3.  Failure To Accommodate Disability In
    Violation Of FEHA;
4.  Retaliation In Violation of FEHA;
5.  Failure To Maintain An Environment
    Free From Discrimination and
    Retaliation;
6.  Interference with Leave in Violation of
    the Family and Medical Leave Act;
7.  Interference with Leave in Violation of
    the California Family Rights Act;
8.  Retaliation in Violation of the Family
    and Medical Leave Act;
9.  Retaliation in Violation of the California
    Family Rights Act; and
10. Wrongful Termination in Violation of
    Public Policy.

PUNITIVE DAMAGES

DEMAND FOR JURY TRIAL

UNLIMITED JURISDICTION

17
18
19
20
21
22
23
24
25
26
27
28

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1

PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs TAMERA JANSON and ANIELA KENNEDY allege as follows:

1.     At all relevant times, Plaintiffs TAMERA JANSON (herein "JANSON" or "Plaintiffs") and ANIELA KENNEDY (herein "KENNEDY" or "Plaintiffs") were individuals residing in Orange County, State of California.

2.     Defendant LOCAL WASTE MANAGEMENT ("WM") or, collectively with all Defendants, ("Defendant") is, and at all times relevant to this Complaint was, a Texas corporation authorized to do business in Orange County, State of California.

3.     Plaintiffs do not know the true names or capacities of the Defendants sued as DOES 1 through 100, inclusive.  Thus, Plaintiffs sue these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiffs will amend this Complaint. Plaintiffs are informed and believe, and based thereon allege, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.  Reference to "Defendants" includes the named Defendant and the DOE Defendants.

4.     Plaintiffs are informed and believe, and based thereon allege, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment.

5.     All conditions precedent (exhaustion of administrative remedies) to jurisdiction have been complied with.  Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice as to Defendants.  These documents have been timely served on Defendants via certified mail with return receipt requested.

6.     Plaintiffs are informed and believe and based thereon allege, that at all times herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was

Keslik, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  acting for their own benefit and/or the benefit of one or more of the remaining named and/or

2  unnamed Defendants.

3         7.    Plaintiffs are informed and believe, and based thereon allege, at all times herein

4  mentioned, Defendant DOES 1 to 100, inclusive, were the agents, servants, partners, employees,

5  alter egos and/or joint venturers of their co-Defendants, and, in doing the acts and things

6  hereinafter alleged, were at all times acting within the course and scope of their authority as

7  agents, servants, employees, partners and/or joint-venturers with the permission, consent and

8  approval, or subsequent ratification of their co-Defendants.  Reference hereinafter to

9  "Defendants" includes the named Defendant and the DOE Defendants.

10

11  ## FACTUAL ALLEGATIONS

12         8.    Plaintiff JANSON was employed by Defendant as an inside sales representative

13  beginning or about August 28, 2000.

14         9.    Plaintiff KENNEDY was employed by Defendant as an inside commercial

15  representative beginning or about September 18, 2006.

16        10.    Plaintiffs performed their work in a satisfactory and competent manner and

17  received commission from their individual sales.

18        11.    In or around early 2009, Plaintiff KENNEDY began to experience a medical

19  condition causing eye pain and migraine headaches, which interfered with her ability to work in

20  the office's current conditions. She subsequently submitted paperwork to Defendant to permit

21  intermittent leave under the Family and Medical Leave Act (FMLA) to seek treatment.  She took

22  leave from on or about July 21, 2009 to September 7, 2009; on or about June 15, 2010 to August

23  31, 2010; and on or about January 11, 2011 to December 31, 2011.

24        12.    In or around April of 2012, Plaintiff KENNEDY requested from Defendants

25  screen-glare guards and dimmer light to accommodate her eye pain and migraines, but she never

26  received such accommodations.

27        13.    Plaintiff KENNEDY submitted documentation for FMLA leave between June 25

28  and July 4, 2012, but Defendant denied the request for leave. Plaintiff contacted Defendants to

Keslar, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel. (310) 273-3180
Fax. (310) 273-6137

3

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    discuss the reasons for the FMLA leave denial.

2         14.    On or about June 13, 2012, Plaintiff JANSON began to struggle with focusing at

3    work and requested accommodations so that she could obtain better assistance and training.  Such

4    accommodations included moving her seat to be closer to supervision and being permitted more

5    time to write up her sales calls.

6         15.    After Plaintiff JANSON requested such accommodations, Defendants began more

7    heavily scrutinizing Plaintiff JANSON's work performance and failed to consider Plaintiff

8    JANSON's limitations due to her disability or her positive reviews and evaluations when

9    evaluating her performance.

10        16.    Plaintiff JANSON complained to Defendants about Defendants' failure to

11    recognize Plaintiff JANSON's disability when scrutinizing her performance.

12        17.    From July 3, 2012 to October 3, 2012, Plaintiff JANSON took a Family and

13    Medical Leave Act (FMLA) and California Family Rights Act (CFRA) leave of absence for

14    anxiety and stress.

15        18.    In or about July 2012, Plaintiff JANSON's doctor diagnosed Plaintiff JANSON

16    with anxiety and Attention Deficit Hyperactive Disorder (ADHD), prescribing Plaintiff with

17    therapy and medication.  Plaintiff JANSON provided Defendant with paperwork describing the

18    disability and/or serious health condition and requesting more disability and FMLA/CFRA leave

19    to manage her stress and receive therapy.

20        19.    After Plaintiff KENNEDY received the leave denial, on or about August 6, 2012,

21    Defendant's management, Colleen Burdick, began to write up Plaintiff for tardiness.  Defendant

22    would address Plaintiff's occasional tardiness and medical conditions in the presence of

23    Plaintiff's colleagues. Defendant reminded Plaintiff that Plaintiff was denied FMLA leave and

24    would be held to the attendance policy.

25        20.    On or about August 6, 2012, Plaintiff KENNEDY contacted Defendant's

26    management, Colleen Burdick and Human Resources Specialist Maria Diaz, to address the

27    tardiness and humiliation she experienced from the public conversations regarding her medical

28    conditions. Plaintiff KENNEDY then formally complained that the reactions from management

Keshih, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  were retaliatory for Plaintiff's request for FMLA leave.

2      21.    On or about August 28, 2012, Plaintiff KENNEDY received a good review

3  regarding her job performance. Nonetheless, Defendant stated that Plaintiff KENNEDY's job was

4  in jeopardy.

5      22.    When Plaintiff JANSON returned to work on or about October 3, 2012, Plaintiff

6  submitted paperwork to Human Resources regarding her leave and disability diagnoses.

7      23.    On or about January 25, 2013, Defendant put Plaintiff JANSON on five weeks of

8  leave, informing JANSON that the purpose of the leave was for Defendants to evaluate her

9  accommodation request.  Plaintiff JANSON did not receive any pay for commissions during this

10  time.

11      24.    On or about February 4, 2013, Plaintiff JANSON's doctor sent Defendant

12  additional information about her disability and/or serious health condition and provided health

13  forms and recommendations for disability accommodations.

14      25.    In or about October 2012 and May 2013 respectively, Defendant's management,

15  Human Resource manager Colleen Burdick and Human Resource Specialist Maria Diaz,

16  terminated KENNEDY's and JANSON's employment.

17

18                    **FIRST CAUSE OF ACTION**

19          **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**

20          **(Plaintiff JANSON Against Defendant and DOES 1-10, inclusive)**

21      26.    As a separate and distinct cause of action, Plaintiff JANSON complains and

22  realleges all the allegations contained in this Complaint, and incorporates them by reference into

23  this cause of action as though fully set forth herein, excepting those allegations which are

24  inconsistent with this cause of action.

25      27.    At all times mentioned in this Complaint, the California Fair Employment and

26  Housing Act ("FEHA"), Government Code §§ 12940 et seq., was in full force and effect and was

27  binding on Defendants, and each of them.  These sections required Defendants, and each of them,

28  to refrain from discriminating against Plaintiff on the basis of her physical disability. Prior to her

Keslak, Silverstein & Jacob, P.C.
9235 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  termination, Plaintiff JANSON was limited in the major life activities including working.

2  Nevertheless, she could perform the essential functions of her position with or without a

3  reasonable accommodation. As such, Plaintiff JANSON was a qualified disabled person within

4  the meaning of FEHA.

5       28.    Defendants, and each of them, were aware of Plaintiff JANSON's disability, as set

6  forth above, because Plaintiff had informed Defendants of her disability and told Defendants of

7  her limitations.

8       29.    Defendants perceived and regarded Plaintiff JANSON as having a disability.

9       30.    At all times mentioned herein, Plaintiff JANSON was willing and able to perform

10 the duties and functions of her position with a reasonable accommodation for Plaintiff JANSON's

11 disability. At no time would the performance of the functions of the employment position, with a

12 reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff JANSON's or

13 any other person's health and/or safety, nor would it have created an undue hardship to the

14 operation of Defendant's business.

15      31.    On or about May 25, 2013, Defendants terminated Plaintiff JANSON because of

16 her disability among other unlawful reasons.

17      32.    By engaging in the above referenced acts and omissions, Defendant and DOES 1-

18 10, and each of them, discriminated against Plaintiff JANSON because of her disability in

19 violation of Government Code §§ 12940 et seq.

20      33.    As a proximate result of Defendants' wrongful conduct, Plaintiff JANSON has

21 sustained and continues to sustain economic damages in earnings and other employment benefits

22 in an amount according to proof.

23      34.    As a proximate result of Defendant's wrongful conduct, Plaintiff JANSON has

24 sustained and continues to sustain non-economic damages and emotional distress, including but

25 not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

26      35.    Plaintiff JANSON has sustained general and special damages within the

27 jurisdictional limits of this Court.

28      36.    The acts and conduct of Defendants, including, but not limited to, Human

Keshk, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6

PLAINTIFFS' COMPLAINT FOR DAMAGES

1   Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, and Human

2   Resource Manager Mary Herrera, constituted "malice," "oppression" and/or "fraud" (as those

3   terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and

4   each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the

5   Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff

6   JANSON.

7        37.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

8   oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

9   act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers,

10   directors, or managing agents of the corporation.  The actions and conduct of Defendants, and

11   each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

12   material facts known to Defendants, and each of them, with the intention of the Defendants' part

13   to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

14   damages in an amount according to proof.

15        38.    Plaintiff JANSON is entitled to attorneys' fees pursuant to Government Code §

16   12965.

17                        **SECOND CAUSE OF ACTION**

18   **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA**

19        **(Plaintiff JANSON Against Defendant and DOES 11-20, inclusive)**

20        39.    As a separate and distinct cause of action, Plaintiff JANSON complains and

21   realleges all the allegations contained in this Complaint, and incorporates them by reference into

22   this cause of action as though fully set forth herein, excepting those allegations which are

23   inconsistent with this cause of action

24        40.    Pursuant to California Government Code § 12940(n), Defendant and DOES 11-20

25   inclusive, were required to engage with Plaintiff in a good faith interactive process to determine

26   the extent of her disability and how it could be reasonably accommodated.

27        41.    Plaintiff JANSON was at all times ready and willing to engage in the good faith

28   interactive mandated by California Government Code § 12940(n).  However, Defendant and

Keshk, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

7

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    DOES 11-20 inclusive, failed to engage in said good faith interactive process with Plaintiff

2    JANSON.

3        42.    On or about May 25, 2013, Defendant terminated Plaintiff's employment as a

4    direct result of Defendant's (and DOES 1-100 inclusive), failure to engage in any good faith

5    interactive process, among other unlawful reasons.

6        43.    By engaging in the above referenced acts and omissions, Defendants, and each of

7    them, and DOES 11-20 inclusive, discriminated against Plaintiff because of her disability in

8    violation of Government Code §§ 12940 et seq.

9        44.    As a proximate result of Defendants' wrongful conduct, Plaintiff JANSON has

10   sustained and continues to sustain economic damages in earnings and other employment benefits

11   in an amount according to proof.

12       45.    As a proximate result of Defendants' wrongful conduct, Plaintiff JANSON has

13   sustained and continues to sustain non-economic damages and emotional distress, including but

14   not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

15       46.    Plaintiff has sustained general and special damages within the jurisdictional limits

16   of this Court.

17       47.    The acts and conduct of Defendants, and each of them, including but not limited to

18   Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, and Human

19   Resource Manager Mary Herrera, constituted "malice," "oppression" and/or "fraud" (as those

20   terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and

21   each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the

22   Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

23       48.    The acts of Defendants, and each of them, including but not limited to Human

24   Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, and Human

25   Resource Manager Mary Herrera, were done fraudulently, maliciously and oppressively and with

26   the advance knowledge, conscious disregard, authorization, ratification or act of oppression,

27   within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or

28   managing agents of the corporation. The actions and conduct of Defendants, and each of them,

Keshk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

8

PLAINTIFFS' COMPLAINT FOR DAMAGES

1   were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts

2   known to Defendants, and each of them, with the intention of the Defendants' part to deprive

3   Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in

4   an amount according to proof.

5       49.     Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

6

7                          **THIRD CAUSE OF ACTION**

8   **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA**

9        **(Plaintiff JANSON Against Defendant and DOES 21-30, inclusive)**

10      50.     As a separate and distinct cause of action, Plaintiff JANSON complains and

11  realleges all the allegations contained in this Complaint, and incorporates them by reference into

12  this cause of action as though fully set forth herein, excepting those allegations which are

13  inconsistent with this cause of action.

14      51.     Pursuant to California Government Code §§ 12940(m) and 12945(c), Defendant

15  and DOES 21-30 inclusive, were required to reasonably accommodate Plaintiff JANSON's

16  disability.  However when Plaintiff JANSON requested accommodation for her disability on or

17  about March 1, 2013, Defendants terminated Plaintiff JANSON for no legitimate reason.

18      52.     On or about May 25, 2013, Defendant terminated Plaintiff JANSON's

19  employment as a direct result of Defendant's (and DOES 1-100, inclusive) failure to

20  accommodate Plaintiff's known disability, among other unlawful reasons.

21      53.     By engaging in the above referenced acts and omissions, Defendant and DOES

22  21-30, and each of them, discriminated against Plaintiff JANSON because of her disability in

23  violation of Government Code §§ 12940 *et seq.*

24      54.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

25  continues to sustain economic damages in earnings and other employment benefits in an amount

26  according to proof.

27      55.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and

28  continues to sustain non-economic damages and emotional distress, including but not limited to,

*Kesluk, Silverstein & Jacob, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6137*

9

PLAINTIFFS' COMPLAINT FOR DAMAGES

1   loss of sleep, anxiety, tension, depression, and humiliation.

2        56.    Plaintiff has sustained general and special damages within the jurisdictional limits

3   of this Court.

4        57.    The acts and conduct of Defendants, including but not limited Human Resource

5   Specialist Maria Diaz, Human Resource Manager Colleen Burdick, and Human Resource

6   Manager Mary Herrera, constituted "malice," "oppression" and/or "fraud" (as those terms are

7   defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of

8   them, to cause injury to Plaintiff or was despicable conduct which was carried on by the

9   Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

10       58.    The acts of Defendants, including but not limited Human Resource Specialist

11  Maria Diaz, Human Resource Manager Colleen Burdick, and Human Resource Manager Mary

12  Herrera, and each of them, were done fraudulently, maliciously and oppressively and with the

13  advance knowledge, conscious disregard, authorization, ratification or act of oppression, within

14  the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing

15  agents of the corporation.  The actions and conduct of Defendants, and each of them, were

16  intended to cause injury to Plaintiff and constituted deceit and concealment of material facts

17  known to Defendants, and each of them, with the intention of the Defendants' part to deprive

18  Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in

19  an amount according to proof.

20       59.    Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

21

22              **FOURTH CAUSE OF ACTION**

23         **RETALIATION IN VIOLATION OF FEHA**

24     **(Plaintiff JANSON Against Defendant and DOES 31-40, inclusive)**

25       60.    As a separate and distinct cause of action, Plaintiff JANSON complains and

26  realleges all the allegations contained in this complaint, and incorporates them by reference into

27  this cause of action as though fully set forth herein, excepting those allegations which are

28  inconsistent with this cause of action.

Keslak, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax. (310) 273-6137

10

61. Each Defendant, including their agents, employees and representatives, are subject to suit under Sections 12940, et seq., of the California Fair Employment and Housing Act ("FEHA").

62. Plaintiff JANSON took part in the protected activities of requesting accommodation and taking protected leave as herein alleged.

63. In retaliation therefore, Defendants terminated Plaintiff JANSON's employment on or about May 25, 2013.

64. In engaging in the aforementioned conduct, each Defendant aided, abetted, incited, compelled and/or coerced unlawful employment practices in violation of well-known policies of this State against such practices. Specifically, each Defendant violated Sections 12940(h) and 12945 of the FEHA.

65. As a direct and proximate result of the conduct of Defendants and its agents and supervisors, Plaintiff has suffered general and special damages in a sum according to proof.

66. As a further direct and proximate result of the negligence of each Defendant, as set forth above, this Plaintiff sustained mental anguish and emotional distress and aggravation in an amount to be determined by proof at trial.

67. The acts and conduct of defendants, and each of them, including but not limited to Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, and Human Resource Manager Mary Herrera, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

68. The acts of Defendants, and each of them, including but not limited to Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, and Human Resource Manager Mary Herrera, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause

injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

69.     Plaintiff is entitled to recover attorneys' fees in connection with this cause of action under Government Code § 12965.

## FIFTH CAUSE OF ACTION
### FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA
**(Plaintiff JANSON Against Defendant and DOES 41-50, inclusive)**

70.     As a separate and distinct cause of action, Plaintiff JANSON complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

71.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 et seq., was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination, harassment and retaliation.

72.     Defendants and each of them, and DOES 41-50 inclusive embarked on a campaign of discrimination and retaliation against Plaintiff because of her disability and because she requested reasonable accommodation and protected leave and took protected leave by retaliating against and wrongfully terminating Plaintiff, notwithstanding the fact that Plaintiff was able to do her job.

73.     By engaging in the above-referenced acts and omissions, Defendants, and each of them, failed to take all reasonable steps to maintain a workplace environment free from unlawful discrimination, harassment and retaliation in violation of Government Code §§ 12940 et

Kesluk, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel. (310) 273-3180
Fax. (310) 273-6137

*seq.*

74.      As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

75.      As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

76.      Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

77.      The acts and conduct of Defendants, including but not limited Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, and Human Resource Manager Mary Herrera, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

78.      The acts of Defendants, including but not limited to Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, and Human Resource Manager Mary Herrera, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

79.      Plaintiff is entitled to attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3).

///

Keslnk, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFFS' COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

## INTERFERENCE WITH LEAVE IN VIOLATION OF

## THE FAMILY AND MEDICAL LEAVE ACT

### (California Government Code § 12945.2)

### (All Plaintiffs Against Defendants and DOES 51-60, inclusive)

80.     As a separate and distinct cause of action, Plaintiffs complain and reallege all of the allegations contained in this Complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

81.     Plaintiffs were employees of Defendants who qualified for leave due to their own serious health conditions pursuant to California Government Code §§ 12945.2, *et seq.* and 29 U.S.C. §2615.

82.     At all times herein mentioned, Defendants were "Employer[s]" within the definition of Government Code § 12945.2 and 29 U.S.C. 2615, in that, Defendants regularly employed 200 or more people.

83.     Plaintiffs were eligible and needed time off to seek care for their own serious health conditions, and Plaintiffs were qualified for protected leave under Family and Medical Leave Act for their own serious health conditions.

84.     Defendants were an employer subject to the requirements of the Family and Medical Leave Act, and it had a legal duty not to interfere with Plaintiffs' rights under that Act.

85.     Defendants, and each of them, and DOES 51 to 60, inclusive, interfered with Plaintiffs' protected leave and terminated Plaintiff's employment in retaliation for requesting and taking her protected leave.

86.     As a proximate result of Defendants' wrongful conduct, Plaintiffs have sustained, and continue to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

87.     As a proximate result of Defendants' wrongful conduct, Plaintiffs have sustained, and continue to sustain, non-economic damages and emotional distress, including, but not limited

Keshk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 271-3180
Fax: (310) 271-6137

PLAINTIFFS' COMPLAINT FOR DAMAGES

to, loss of sleep, anxiety, tension, depression and humiliation.

88.     Plaintiffs have sustained general, liquidated, and special damages within the jurisdictional limits of this Court.

89.     The acts and conduct of Defendants, and each of them, including, but not limited to, Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, Human Resource Manager Lindsay Tiller, Human Resource Manager Jill Harrison, and Human Resource Manager Mary Herrera, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiffs or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiffs.

90.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiffs and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiffs of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

91.     Plaintiffs are entitled to attorneys' fees pursuant to 29 U.S.C. §§ 2617.

## SEVENTH CAUSE OF ACTION

## INTERFERENCE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

### (Plaintiff JANSON Against Defendant and DOES 61-70 inclusive)

92.     As a separate and distinct cause of action, Plaintiff JANSON complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

93.     Plaintiff was an employee of Defendants who qualified for leave due to her own

Keslak, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1    serious health condition pursuant to California Government Code §§ 12945.2, *et seq.*

2        94.    At all times herein mentioned, Defendants were "Employer[s]" within the

3    definition of Government Code § 12945.2, in that, Defendants regularly employed 50 or more

4    people.

5        95.    Plaintiff JANSON needed time off to seek care for her own serious health

6    condition and Plaintiff was qualified for protected leave under California Family Rights

7    Act/Family and Medical Leave Act for her own serious health condition.

8        96.    Defendants, and each of them, and DOES 61 to 70, inclusive, interfered with

9    Plaintiff's protected leave and terminated Plaintiff JANSON's employment in retaliation for

10   requesting and taking her protected leave.

11       97.    As a proximate result of Defendants' wrongful conduct, Plaintiff JANSON has

12   sustained, and continues to sustain, economic damages in earnings and other employment benefits

13   in an amount according to proof.

14       98.    As a proximate result of Defendants' wrongful conduct, Plaintiff JANSON has

15   sustained, and continues to sustain, non-economic damages and emotional distress, including, but

16   not limited to, loss of sleep, anxiety, tension, depression and humiliation.

17       99.    Plaintiff JANSON has sustained general and special damages within the

18   jurisdictional limits of this Court.

19       100.   The acts and conduct of Defendants, and each of them, including, but not limited

20   to, Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, Human

21   Resource Manager Lindsay Tiller, Human Resource Manager Jill Harrison, and Human Resource

22   Manager Mary Herrera, constituted "malice," "oppression" and/or "fraud" (as those terms are

23   defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of

24   them, to cause injury to Plaintiff or was despicable conduct which was carried on by the

25   Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

26       101.   The acts of Defendants, and each of them, were done fraudulently, maliciously and

27   oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

28   act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers,

Keshik, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel (310) 273-3180
Fax (310) 273-6137

16

PLAINTIFFS' COMPLAINT FOR DAMAGES

directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

102.    Plaintiff is entitled to attorneys' fees pursuant to <u>Government Code § 12965</u>.

## EIGHTH CAUSE OF ACTION

## <u>RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT</u>

### (29 U.S.C. § 2615)

#### (All Plaintiffs Against Defendant and DOES 71-80, Inclusive)

103.    As a separate and distinct Count, Plaintiffs complain and reallege all of the allegations contained in this Complaint and incorporate them by reference into this County as though fully set forth herein, excepting those allegations which are inconsistent with this Count. The FMLA prohibits retaliation in the workplace. The FMLA and other state and federal statutory schemes protect workers who exercise their right to take medical leave under the FMLA from retaliation. Plaintiff was eligible to take medical leave and had a right to take such leave from Defendant.

104.    Defendants are an eligible employer where Plaintiffs worked fulltime and are informed and believe, and thereon allege, that Defendant employs more than 50 employees within 75 miles of its Orange County location.

105.    Plaintiffs were entitled to FMLA leave because they were requesting leave as a result of serious health conditions that made them unable to perform some of the functions of their positions.  In response to taking leave medical leave and/or requesting that leave under the FMLA, Defendant retaliated against Plaintiffs by terminating their employment.

106.    As a proximate result of Defendants' wrongful conduct, Plaintiffs have sustained and continue to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

Keslak, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA. 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

107.    As a proximate result of Defendants' wrongful conduct, Plaintiffs have sustained and continue to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

108.    The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiffs.

109.    The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiffs of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

110.    As a result of Defendants' discriminatory acts as alleged herein, Plaintiffs are entitled to liquidated damages, reasonable attorneys' fees, and costs of suit as pursuant to 29 U.S.C. § 2617(a)(3).

### NINTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

#### (California Government Code § 12945.2)

#### (Plaintiff JANSON Against Defendant and DOES 81-90, Inclusive)

111.    As a separate and distinct cause of action, Plaintiff JANSON complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

112.    The California Family Rights Act ("CFRA"), Government Code §12945.2(a), entitles an eligible employee to take up to a total of twelve workweeks in any 12-month period for

Kestuk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax (310) 273-6137

18

1  to bond with his or her newborn child.  CFRA also requires the employer to provide the employee

2  a guarantee of employment in the same or a comparable position upon the termination of the

3  leave.

4         113.   The California Family Rights Act ("CFRA"), Government Code §12945.2(l),

5  makes it unlawful for any employer to "discharge, fine, suspend, expel, or discriminate against"

6  an employee because the employee exercised his or her rights under the CFRA.

7         114.   Defendants were a covered employer under CFRA, and Plaintiff JANSON was an

8  eligible employee under CFRA during all relevant times.

9         115.   Plaintiff JANSON required CFRA leave to manage her anxiety and seek treatment

10  for her serious health condition.

11         116.   In response to taking leave medical leave and/or requesting that leave under the

12  FMLA, Defendant retaliated against Plaintiff by terminating their employment.

13         117.   As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

14  continues to sustain noneconomic damages and emotional distress.

15         118.   Plaintiff has sustained general and special damages within the jurisdictional limits

16  of this Court.

17         119.   The acts and conduct of Defendants, and each of them, including but not limited to

18  Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, Human

19  Resource Manager Lindsay Tiller, Human Resource Manager Jill Harrison, and Human Resource

20  Manager Mary Herrera, constituted "malice," "oppression" and/or "fraud" (as those terms are

21  defined in California Civil Code § 3294 (c)), in that it was intended by Defendants, and each of

22  them, to cause injury to Plaintiff or was despicable conduct which was carried out by the

23  Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

24         120.   The acts of Defendants, and each of them, including but not limited to Human

25  Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, Human Resource

26  Manager Lindsay Tiller, Human Resource Manager Jill Harrison, and Human Resource Manager

27  Mary Herrera, were done fraudulently, maliciously and oppressively and with the advance

28  knowledge, conscious disregard, authorization, ratification or act of oppression, within the

Keshk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

19

PLAINTIFFS' COMPLAINT FOR DAMAGES

1   meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents

2   of the corporation.  The actions and conduct of Defendants, and each of them, were intended to

3   cause injury to Plaintiff and constituted deceit and concealment of material facts known to

4   Defendants, and each of them, with the intention of Defendants to deprive Plaintiff of property

5   and legal rights, justifying an award of exemplary and punitive damages in an amount according

6   to proof.

7        121.    Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

8

9                          **TENTH CAUSE OF ACTION**

10      **WRONGFUL TERMINATION VIOLATION OF PUBLIC POLICY**

11           **(All Plaintiffs Against Defendant and DOES 91-100, inclusive)**

12       122.    As a separate and distinct cause of action, Plaintiffs complain and reallege  all the

13   allegations contained in this Complaint, and incorporate them by reference into this cause of

14   action as though fully set forth herein, excepting those allegations which are inconsistent with this

15   cause of action.

16       123.    At all times herein mentioned, the public policy of the State of California, as

17   codified, expressed and mandated in California Government Code § 12940 was to prohibit

18   employers from harassing, discriminating and retaliating against any individual based on

19   perceived and/or physical disability(s), age or gender and/or based upon exercise of rights under

20   that section.  This public policy of the State of California is designed to protect all employees and

21   to promote the welfare and well-being of the community at large.  Accordingly, the actions of

22   Defendants, and each of them, in discriminating, retaliating and terminating Plaintiffs on the

23   grounds stated above, or for complaining about such discrimination and retaliation, was wrongful

24   and in contravention and violation of the express public policy of the State of California, to wit,

25   the policy set forth in California Government Code §§ 12940 et seq., and the laws and regulations

26   promulgated thereunder.

27       124.    At all times herein mentioned, the public policy of the State of California, as

28   codified, expressed and mandated in California Government Code § 12945.2, was to prohibit

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel (310) 273-3180
Fax (310) 273-6137

                                          20

1    employers from discriminating and retaliating against any individual based on their taking,

2    requesting or needing accommodation.  This public policy of the State of California is designed to

3    protect all employees and to promote the welfare and well-being of the community at large.

4        125.    Accordingly, the actions of Defendants, and each of them, in discriminating,

5    retaliating and terminating Plaintiffs on the grounds stated above, or for complaining about such

6    discrimination and retaliation, was wrongful and in contravention and violation of the express

7    public policy of the State of California, to wit, the policy set forth in California Government Code

8    §§ 12945.2, *et seq.*, and the laws and regulations promulgated there under.

9        126.    Defendants willfully discriminated against Plaintiff KENNEDY's and Plaintiff

10   JANSON's disabilities, among other unlawful reasons, when they terminated their employment.

11       127.    Defendants' discharge of Plaintiff KENNEDY on or about October 26, 2012 and

12   Plaintiff JANSON on or about May 25, 2013, violated the aforementioned fundamental principles

13   of public policy.

14       128.    As a proximate result of Defendants' wrongful conduct, Plaintiffs have sustained

15   and continue to sustain economic damages in earnings and other employment benefits in an

16   amount according to proof.

17       129.    As a proximate result of Defendant's wrongful conduct, Plaintiffs have sustained

18   and continue to sustain non-economic damages and emotional distress, including but not limited

19   to, loss of sleep, anxiety, tension, depression, and humiliation.

20       130.    Plaintiffs have sustained general, liquidated, and special damages within the

21   jurisdictional limits of this Court.

22       131.    The acts and conduct of Defendants, including but not limited to Human Resource

23   Specialist Maria Diaz, Human Resource Manager Colleen Burdick, Human Resource Manager

24   Lindsay Tiller, Human Resource Manager Jill Harrison, and Human Resource Manager Mary

25   Herrera, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in

26   California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to

27   cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and

28   each of them, with a willful and conscious disregard of the rights of Plaintiffs.

Keslak, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel (310) 273-3180
Fax (310) 273-6137

21

PLAINTIFFS' COMPLAINT FOR DAMAGES

132.   The acts of Defendants, including, but not limited to, Human Resource Specialist Maria Diaz, Human Resource Manager Colleen Burdick, Human Resource Manager Lindsay Tiller, Human Resource Manager Jill Harrison, and Human Resource Manager Mary Herrera, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of <u>Civil Code</u> § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiffs and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiffs of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.   A declaratory judgment that the practices complained of herein are unlawful under California law for which claims are herein pleaded;

2.   Injunctive relief to stop the complained of practices;

3.   An award of general, liquidated, and special damages, according to proof, to be paid by Defendants;

4.   Penalties and premiums available under applicable law;

5.   Costs of action incurred herein, including expert fees;

6.   Attorneys' fees and costs, and other applicable statutes;

7.   Pre-Judgment and post-judgment interest, as provided by law; and

8.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

///

///

///

Keshak, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax. (310) 273-6137

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    DATED:  October 3, 2014                KESLUK, SILVERSTEIN & JACOB, P.C.

2

3                                       By  _____
                                            Douglas N. Silverstein, Esq.
4                                           Meredith D. Symonds, Esq.
                                            Attorneys for Plaintiffs
5

6                              **JURY TRIAL DEMAND**

7          Plaintiff hereby demands a jury trial on all issues so triable.

8

     October 3, 2014                        KESLUK,  SILVERSTEIN & JACOB, P.C.
9

10

11                                      By  _____
                                            Douglas N. Silverstein, Esq.
12                                          Meredith D. Symonds, Esq.
                                            Attorneys for Plaintiffs
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

PLAINTIFFS' COMPLAINT FOR DAMAGES